UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPEED BOATS OF TEXAS, LP, D/B/A LEGAND MARINE GROUP, a Texas Partnership, FNT FINANCIAL, LLC, a Texas Limited Liability Company, and GREG CONNELL, an Individual | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 10 C 1434 |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on two motions. Defendant/Counter-Plaintiff Bank of America, N.A. ("Bank of America" or "the Bank") has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiffs/Counter-Defendants Speed Boats of Texas, LP, d/b/a Legend Marine Group, FNT Financial, LLC, and Greg Connell (collectively, "Plaintiffs") have submitted a motion to strike and a motion to compel arbitration and stay proceedings. For the reasons set forth below, Bank of America's motion is granted. Plaintiffs' motions are denied.

## BACKGROUND

As a preliminary matter, we find that Plaintiffs have not submitted their response to Bank of America's statement of facts in compliance with Local Rule 56.1and Fed. R. Civ. P. 56(c)(4).[1] Many of Plaintiffs' responses to the Bank's facts violate Local Rule 56.1(b)(3)(B) by failing to cite to any evidence in support of their denial or by citing to portions of the record that are wholly irrelevant to the grounds asserted for denial. Nearly all of Plaintiffs' additional statements of fact suffer from a similar defect by citing to portions of an affidavit by Greg Connell ("Connell") that relate to subject matters entirely different from the statement they purport to support. Courts confronted with such deficient statements and responses are not obligated to "sift through the record" for admissible evidence that would support the responses at issue. *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010).

Even if Plaintiffs had properly cited to the relevant portions of Connell's affidavit to support their facts, many of Connell's sworn statements do not comply with the Federal Rules of Civil Procedure in that they contain inadmissible evidence. Under Fed. R. Civ. P. 56(c)(4), any affidavit submitted to oppose a motion for summary judgment

---

[1] Though Bank of America did not argue that Plaintiffs' response violated Local Rule 56.1 in its memoranda or fact response, a party's choice not to raise such a contention does not preclude a district court from holding a party to account for such violations *sua sponte*. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

"must set out facts that would be admissible in evidence." Connell's affidavit contains a number of factual statements that are not admissible under the Federal Rules of Evidence. In paragraph 7, Connell states that an unidentified person notified him that Bank of America had let certain repurchase agreements with a third party expire in 2007. Absent any indication as to the speaker's identity, admission of that statement as evidence of the Bank's failure to renew the repurchase agreement would violate the prohibition against hearsay evidence. *See* Fed. R. Evid. 801(c). In paragraph 10, Connell offers an inadmissible legal conclusion regarding the authority of one of his former employees to bind Plaintiffs without any facts in support. *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) ("lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury as required by [Federal] Rule [of Evidence] 701(b)"). Connell puts forth another legal conclusion in paragraph 14 when he states that Bank of America does not have a priority security interest in the collateral. *Id*. Given the number of violations of the Local Rules and the Federal Rules of Civil Procedure found in Plaintiffs' statement, we find striking the entirety of Plaintiffs' statement to be an appropriate sanction. *See Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000). Accordingly, we will limit our presentation of the relevant background facts to Bank of America's uncontradicted facts that are supported by admissible evidence.

On December 3, 2007, Speed Boats of Texas, LP, doing business as Legend Marine Group ("LMG"),[2] entered into an agreement ("Agreement") with Bank of America to finance LMG's purchase of certain boats subject to the conditions and terms of the Agreement. As part of the Agreement, LMG granted Bank of America a lien and security interest in all of LMG's property and proceeds including the boats held in inventory for sale.[3] The Agreement also required LMG to pay interest on the advances at rates to be established by the parties. The parties agreed that failure by the borrower or any guarantor to make a timely payment or to fulfill any promise or agreement to Bank of America constituted a default. Upon default, the Agreement permitted the Bank to demand immediate payment of all obligations under the Agreement at its option and without notice. Finally, LMG agreed to pay all costs and expenses, including reasonable attorneys fees, incurred by Bank of America in enforcing the Agreement.[4]

At the same time LMG executed the Agreement, Connell also signed two separate guaranties in which he promised to be liable for all of LMG's debts. Connell

---

[2] Connell is the owner and operator of LMG.

[3] Bank of America perfected its lien and security interest in LMG's property and proceeds by filing a UCC financing statement with the Texas Secretary of State on December 5, 2007, and other actions necessary to obtain a first priority interest on the collateral.

[4] The Agreement also included an arbitration clause providing that any controversy between the parties arising out of the Agreement or any modification thereto was subject to binding arbitration.

signed one guaranty on behalf of himself and another in his capacity as sole limited partner of FNT Financial, LLC ("FNT").[5] FNT was the only general partner in LMG. Connell also signed a guaranty on behalf of himself.

Pursuant to the Agreement between the parties, Bank of America made periodic advances to LMG either to purchase new boats or to refinance loans for previously purchased vessels. On April 2, 2008, Bank of America made advances in the amount of $1,457, 942.76 to refinance outstanding loans with respect to seven Donzi boats that LMG had previously purchased with financing from Southwest Securities, FSB. Additionally, on April 2, 2008, Bank of America advanced an additional $728,304.16 to LMG to refinance outstanding loans for eighteen Monterey boats that LMG had purchased earlier with financing from GE Commercial Distribution Finance Corp. LMG and Connell approved both transactions by executing two Security Agreement Addenda. In each Security Addendum (one for each refinancing), Connell acknowledged his obligation to pay Bank of America the total amount financed and also recognized Bank of America's perfected security interest in the refinanced boats.

On November 24, 2008, Bank of America and LMG executed a Program Letter setting out various terms for financing Bank of America provided to LMG. The Program

---

[5] FNT is the only general partner in LMG. Connell is the sole member of FNT.

Letter established the rate at which the interest on the Bank's advances would accrue. The Program Letter also provided that the advances on each of the boats purchased by LMG would mature 540 days after the original invoice date for each boat. The Program Letter superceded all previous program letters and went into effect on December 1, 2008.

Bank of America sent LMG billing statements on a monthly basis. The statements included a detailed summary showing the amount financed for each boat, the date on which interest commenced for each advance, the amount of curtailment owing for each advance, the interest due on each advance, and the maturity date of each advance. After receiving Bank of America's monthly billing statements, LMG made partial payments without objection.

Despite their partial compliance with their obligations under the Agreement, LMG failed to pay back the advances and interest in full by the relevant maturity dates and defaulted on its obligations under the Agreement. Bank of America sent LMG default letters on May 26, 2009, and again on August 4, 2009. In those letters, Bank of America demanded that LMG and Guarantors immediately pay the indebtedness in full. LMG has paid off some of its debts to Bank of America but has yet to repay the full amount of the advances and interest due and owing. As of January 31, 2011, the total principal balance due is $884,877.40 and the interest accrued totals $113,548.71.

Plaintiffs filed suit against Bank of America on January 28, 2010, in the Circuit Court of Cook County. Plaintiffs assert a claim for fraudulent inducement and ask that we invalidate the agreement between the parties based on Bank of America's alleged fraud. Bank of America removed Plaintiffs' action to federal court and filed a Counterclaim requesting recovery of amounts owed against Plaintiffs and an order authorizing the sale of Plaintiffs' collateral. Bank of America now moves for summary judgment on their counterclaim and Plaintiffs' fraudulent inducement action. Additionally, Plaintiffs move to strike Bank of America's evidence submitted in support of its motion and to compel arbitration.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for

trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to Bank of America's motion.

## DISCUSSION

### I. Plaintiffs' Motion To Strike

Plaintiffs ask that we strike the documents submitted by Bank of America in support of their summary judgment motion because they are not authenticated and contain hearsay. We find Plaintiffs' challenges to Bank of America's documents to be without merit. By way of example, most of the Plaintiffs' authenticity disputes concern documents they themselves produced. Plaintiffs implicitly authenticated these documents by producing them during discovery. *See United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982). Plaintiffs also dispute the authenticity of the UCC Financing Statement that Bank of America filed with the Texas Secretary of State. Bank of America produced sufficient evidence of this document's authenticity by including an acknowledgment of receipt of that document from the Secretary of State's office. *See* Fed. R. Evid. 901(b)(7). Plaintiffs' hearsay objections are also meritless. Bank of America's documents are admissible under either the party admissions doctrine or the

business records exception to the hearsay rule. *See, e.g.,* Fed. R. Evid. 801(d)(2), 803(6). The motion to strike is denied.

## II.   Plaintiffs' Motion To Compel Arbitration

Plaintiffs ask that we compel Bank of America to participate in binding arbitration pursuant to the Security Agreement between the parties. Plaintiffs presented this arbitration demand to the Court months after filing suit against Bank of America in the Circuit Court of Cook County. "[A]n election to proceed before a non-arbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate." *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995). A party seeking arbitration after first choosing to resolve the dispute in a court of law may overcome the presumption by demonstrating that abnormal circumstances exist such that its choice to proceed in a non-arbitral tribunal should not be considered a waiver. *Id*. at 391. Plaintiffs have not argued that any unique circumstances are present such that their institution of suit against Bank of America cannot be considered a waiver. Therefore, we conclude that Plaintiffs have waived their right to arbitration under the Agreement and deny the motion to compel arbitration on that basis.

## III. Bank of America's Motion For Summary Judgment

Bank of America contends it is entitled to summary judgment on Plaintiffs' fraudulent inducement claim because Plaintiff has not presented any evidence that Bank of America made a false misrepresentation or concealed a material fact. To establish fraudulent inducement under Illinois law, the plaintiff must show that the defendant "falsely stated a material fact or concealed a material fact that he had a duty to disclose; the fact was intentionally misstated or concealed to induce the [plaintiff] to act; and that the [plaintiff] detrimentally relied upon the misstatement or the nonexistence of the fact." *In re Marriage of Travlos*, 578 N.E.2d 1267, 1273 (Ill. App. Ct. 1991).[6] The record on summary judgment does not include any false statement or concealed material fact by Bank of America that induced Plaintiffs to enter into the Agreement. In the absence of any such evidence, we award summary judgment to Bank of America on Plaintiffs' fraudulent inducement claim and its request for declaratory judgment.

Bank of America also argues they are entitled to summary judgment on their claim to recover the amounts owed by all Plaintiffs. To establish a breach of contract

---

[6] Plaintiffs contend that the Agreement requires that North Carolina law be applied to their fraudulent inducement claim. The elements of fraudulent inducement under North Carolina are identical to the proof requirements for the same claim under Illinois law. *Compare In re Marriage of Travlos*, 578 N.E.2d 1267, 1273 (Ill. App. Ct. 1991), *with Media Network v. Long Haymes Carr, Inc.*, 678 S.E.2d 671, 684 (N.C. Ct. App. 2009). In the interests of brevity, therefore, we will only apply Illinois law to Plaintiffs' claim.

under Illinois law, Bank of America must show the existence of a valid and enforceable contract, its performance of the contract, Plaintiffs' breach of the contract, and resulting injury to the Bank. *Werner v. Botti, Marinaccio & DeSalvo*, 563 N.E.2d 1147, 1153 (Ill. App. Ct. 1990). The undisputed facts demonstrate that Bank of America entered into an enforceable contract with LMG, Bank of America fulfilled its obligations under the contract by advancing funds to LMG, LMG breached the contract by failing to make timely payments, and the amount of the Bank's loss as a result of the breach. Additionally, we find that summary judgment is appropriate on the Bank's claims against FNT and Connell as guarantors. A prima facie case of guarantee consists of proof of the original indebtedness, the debtor's default, and the guarantee. *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill. App. Ct. 1985). Bank of America has established the prima facie case of guarantor liability by submitting the signed Agreement, presenting undisputed facts concerning LMG's default of its obligations under the Agreement, and highlighting the two guaranties Connell signed on behalf of himself and FNT. Accordingly, we grant Bank of America's motion as to LMG, FNT, and Connell for the total amount of principal and interest due as well as costs and attorney's fees.

Based on the undisputed evidence, we award summary judgment to Bank of America on Counts I and II of the Complaint and on Counts I and II of its Counterclaim.

# CONCLUSION

Plaintiffs' motion to strike is denied. Plaintiffs' motion to compel arbitration is denied. Bank of America's motion for summary judgment is granted.

_____
Charles P. Kocoras
United States District Judge

Dated: February 25, 2011