Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1434 | **DATE** | May 4, 2011 |
| **CASE TITLE** | Speed Boats of Texas et al vs. Bank of America | | |

**DOCKET ENTRY TEXT**

The Court denies Speed Boats's motion Doc [66]) for a new trial, but acknowledges Speed Boats's partial satisfaction of the judgment in the amount of $66,876.90.

■[ For further details see text below.]    Docketing to mail notices.

## ORDER

This case comes before the Court on a motion for a new trial filed by Plaintiffs Speed Boats of Texas, LP, d/b/a Legend Marine Group, FNT Financial, LLC, and Greg Connell (collectively, "Speed Boats"). For the reasons stated below, Speed Boats's motion is denied.

On December 3, 2007, Speed Boats, doing business as Legend Marine Group ("LMG"), entered into an agreement ("Agreement") with Defendant/Counter-Plaintiff Bank of America to finance LMG's purchase of certain boats. LMG defaulted on its obligations under the Agreement. On January 28, 2010, Speed Boats filed suit against Bank of America in the Circuit Court of Cook County, asserting a claim for fraudulent inducement and asking the court to invalidate the Agreement between the parties. Bank of America removed the action to federal court and filed a counter-claim requesting recovery of amounts owed by Speed Boats and an order authorizing the sale of Speed Boats's collateral. As of January 31, 2011, Speed Boats owed Bank of America $998,426.11. On February 25, 2011, this Court granted Bank of America's motion for summary judgment and denied Speed Boats's motion to strike and motion to compel arbitration. On March 8, 2011, Speed Boats filed a motion for a new trial, arguing that this Court committed manifest errors of law and fact.

Under Federal Rule of Civil Procedure 59(e), a court may amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A movant cannot introduce evidence or arguments it could have presented to the court before the judgment. *Id.*

This Court need not discuss Speed Boats's alleged manifest errors of law, as Speed Boats failed to present any new arguments or explain why this Court's judgment was error. This Court's Memorandum Opinion, dated February 25, 2011, adequately and accurately refutes Speed Boats's argument that this Court's judgment contains manifest errors of law.

| ORDER |
|---|

Speed Boats also argues that this Court's judgment contains manifest errors of fact, because this Court failed to award an off-set and credit to Speed Boats for: (1) the Donzi 43 ZR that was surrendered pursuant to a voluntary surrender agreement; (2) the Monterey 318SS that was sold on January 14, 2011; (3) three payments made on December 8, 2010, January 14, 2011, and February 15, 2011, toward the amount owed on the Monterey, Model 270 CR; and (4) the Monterey 278SS that was sold on March 7, 2011.

First, as to Speed Boats's surrender of the Donzi 43 ZR, this Court's judgment did not contain a factual error, because the voluntary surrender agreement expressly states that the surrender of the boat does not discharge or release Speed Boats from its obligations to Bank of America and Speed Boats is entitled to a credit only when the boat is sold and Bank of America actually receives the proceeds. Since the boat has not been sold, Speed Boats is not entitled to a credit. Second, as to the Monterey 318SS and the December 8, 2010, and January 14, 2011, payments made toward the Monterey, Model 270 CR, this Court's judgment reflects these payments. Speed Boats submitted no evidence to the contrary and, in any event, had the opportunity to present any such contradictory evidence prior to this Court's February 25, 2011, judgment. Finally, as to the February 15, 2011, and March 7, 2011, payments, Bank of America explains that this Court's judgment accurately reflects the amount owed as of January 31, 2011, and agrees that this Court may reduce the judgment by an amount equal to these payments. For these reasons, this Court denies Speed Boats's motion for a new trial, but enters an order acknowledging Speed Boats's partial satisfaction of the judgment in the amount of $66,876.90.

**Dated:  May 4, 2011**

*Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**